Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMBER JEWELL, an individual, ROBYN ROBINSON, an individual, HOLLI SAWALLICH, an individual, BRANDY DIPIETRO, an individual, CRYSTAL HEMPEL, an individual, and COURTNEY SCHMACHER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LEGACY HEALTH, a corporation, <br><br> Defendant. | Case No. <br><br> CONSOLIDATED COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)** <br><br> NOT SUBJECT TO MANDATORY ARBITRATION <br><br> **JURY TRIAL REQUESTED** |

COME NOW, Plaintiffs Amber Jewell, Robyn Robinson, Holli Sawallich, Brandy DiPietro, Crystal Hempel, and Courtney Schumacher, through counsel, and file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

## INTRODUCTION

This case centers around the Plaintiffs, former employees of various health care entities owned by Defendant Legacy, and the unlawful religious discrimination they suffered because of

their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Portland Metropolitan Area. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon, and has its headquarters in Vancouver, Washington. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

2.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

3.

As described in greater detail below, each of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic. Each were exceptional employees and each maintained the strictest adherence to the safety standards employed by the Defendant at the beginning of the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular hand-washing, social distancing, regular testing, and quarantining when necessary. Sometime in the summer of 2021, the Defendant imposed a vaccine mandate to its employees, but, consistent with the law, permitted employees to apply for religious or medical exceptions to the vaccine.

4.

Each Plaintiff also held sincere and profound religious beliefs that prevented them from being able to take the COVID-19 vaccines.

5.

**AMBER JEWELL**

Plaintiff Jewell worked as a Certified Nursing Assistant for four years at Legacy- Meridian Park Hospital in Tualatin, Oregon.  Plaintiff Jewell worked in the surgical and orthopedic areas of the hospital until COVID-19, when elective surgeries were cancelled. At that time, Plaintiff Jewell moved to work directly with COVID-19 patients, where she abided by all of Defendant's guidelines and requirements regarding PPE and other preventative measures designed to reduce the risk of contracting or communicating the COVID-19 virus.

On August 27, 2021, Plaintiff Jewell submitted and signed the approved form, together with a letter, requesting a religious exemption and reasonable accommodations as relief from Defendant's  mandatory COVID-19 vaccine policy.  Plaintiff Jewell has deeply held Christian beliefs; she believes that her body is a temple and that by taking vaccines, she would violate her bodily integrity.

Defendant denied Plaintiff Jewell's request and terminated her employment on October 19, 2021. This was a crushing blow for Plaintiff Jewell, who loved working for Legacy and saw herself being employed there for the foreseeable future.  The loss of her employment caused severe financial and emotional distress to Plaintiff Jewell and her family.

Plaintiff Jewell received a right to sue letter from the EEOC on January 13, 2023.  Plaintiff Jewell suffered economic damages of at least $8,000 in wage loss, lost benefits, and retirement

contributions, and noneconomic damages of at least $25,000, or an amount to be determined at trial.

6.

## ROBYN ROBINSON

Plaintiff Robinson is a Registered Nurse who worked for Defendant for more than nine years. She was well-regarded and always had great yearly reviews. At the beginning of the pandemic, Plaintiff Robinson worked on the surgical floor and was sometimes exposed to COVID-19 patients without PPE. She also worked at times directly with COVID patients without complaint and in compliance with all safety measures.

When Defendant imposed the COVID -19 vaccine mandate, Plaintiff Robinson submitted a request for a religious exception due to her deeply held Christian beliefs.  She believes in the sanctity of life and cannot take a vaccine that was tested on or used aborted fetal cell lines, as she believes all the COVID-19 vaccines were.

Defendant denied Plaintiff Robinson's exception request on September 27, 2021. Plaintiff Robinson was worried about losing her health insurance, particularly because she needed foot surgery, requiring her to go on disability insurance.

Plaintiff Robinson's loss of her career with Defendant caused her major stress, anxiety, depression, and insomnia.  She has been unable to find a permanent position and has to work as a travel nurse, so she is away from her family and incurs extra travel and other costs simply to work. Plaintiff Robinson earned $55.00 hourly working for Defendant, plus regular raises and bonuses, for an annual salary of over $100,000.

Plaintiff Robinson received a right to sue letter from the EEOC on January 13, 2023. Plaintiff Robinson has incurred economic damages of at least $52,000 and non-economic damages of $160,000.

7.

**HOLLI SAWALLICH**

Plaintiff Sawallich worked as a Staff Registered Nurse for Legacy Emanuel Medical Center from March 2014, until her termination on October 19, 2021. Plaintiff Sawallich was respected by her co-workers and had stellar performance reviews.

As a Catholic, Plaintiff Sawallich believes profoundly in the sanctity of life, and was unwilling to negate these beliefs to take any of the COVID-19 vaccines, all of which she believes were developed or tested on aborted fetal cell lines.  Plaintiff Sawallich felt deep grief and sadness for months surrounding this decision, and emotional distress over how her family would be impacted.

Ultimately, Plaintiff Sawallich submitted a request for a religious exception with the hope that it would be accepted, and accommodations made to enable her to continue to work.   But Defendant denied her exception request on September 28, 2021, and she was placed on unpaid leave as of October 1, 2021, and then terminated.

Prior to Plaintiff Sawallich's termination, she earned an hourly wage of $52, for an annual salary of $60,000. Plaintiff Sawallich's family moved to Arizona in March 2022, where she was able to obtain employment as a Registered Nurse, with approval of her COVID-19 exception request.

Plaintiff Sawallich received a right to sue letter from the EEOC on January 13, 2023. She has suffered economic damages of at least $28,704 and $85,000 in noneconomic damages, or an amount to be determined at trial.

8.

**BRANDY DIPIETRO**

Plaintiff DiPietro worked for Legacy Mount Hood for three years, in the Emergency Department, as a Registered Charge Nurse. Plaintiff DiPietro is a deeply caring and compassionate health care provider, consistently received kudos from peers and supervisors, and was nominated for awards for her unflagging devotion to her work and patients. She took great pride in her work and always picked up extra shifts on moment's notice, to help out. Unfortunately, after the COVID-19 vaccine mandate was in effect, she suffered bullying and hurtful comments by her co-workers for her unvaccinated status and religious beliefs.

Plaintiff DiPietro has strong Christian beliefs that prevented her from taking the vaccine. Ms. DiPietro submitted her request for a religious exception on August 22, 2021 and was informed on September 15, 2021 that her request was denied. She was placed on unpaid leave on September 30, 2021, and subsequently terminated. Plaintiff DiPietro is a single mother that had to use all her savings and take out predatory payday loans for her family to survive, resulting in her credit plummeting. In addition, Plaintiff DiPietro and her family lost their health care coverage.

Plaintiff DiPietro has been devastated by Defendant's unlawful actions, and in its denial and lack of accommodation for her religious beliefs. Plaintiff DiPietro has suffered emotional distress, including severe stress, depression and anxiety. Prior to her termination, Plaintiff DiPietro was earning $54.78 per hour, for an annual wage of $100,000. Plaintiff DiPietro received a right to sue letter from the EEOC on February 18, 2023.

9.

## **CRYSTAL HEMPEL**

Plaintiff Hempel is a Registered Nurse who worked at the Pediatric Answer Line for Defendant's Randall Children's Hospital. This was a remote job, except for one shift every six weeks in the office. At the start of the pandemic, the in-person shifts were cancelled, and Plaintiff Hempel worked entirely from home. She was able to work fully remotely without seeing patients and had been doing so for over a year before the COVID-19 vaccine mandate was imposed. Plaintiff Hempel loved her job, had great performance reviews, and was respected by her co-workers.

On August 30, 2021, Plaintiff Hempel requested a religious exception from the COVID-19 vaccine due to her strongly held Christian beliefs. This request was denied on September 27, 2021, and she was placed on unpaid leave on September 30, 2021. She was then terminated, even though she worked fully remotely and had no contact with patients or coworkers. Unfortunately, after her termination, she was bullied, shunned, given "silent treatment" by co-workers, and was told by various members of the hospital staff that unvaccinated people did not deserve to live.

Plaintiff Hempel loved working for Defendant and had planned to retire from there. . Prior to her termination, Plaintiff Hempel made approximately $54 hour. As the result of her termination, Plaintiff Hempel suffered mental and emotional distress, as well as loss of income, seniority, raises and retirement benefits. Plaintiff Hempel incurred economic damages of at least $55,000 and non-economic damages of $165,000 or an amount to be determined at trial. Ms. Hempel received a right to sue letter from the EEOC on January 30, 2023.

10.

## **COURTNEY SCHUMACHER**

Plaintiff Schumacher worked for Defendant for more than two years as a Client Service Representative. Her yearly reviews reflected that she was commended for her time management, organizational skills, accuracy and her communication skills.

Plaintiff Schumacher is a Christian who holds sincere, deep beliefs about the sanctity of her body and human life. As such, when the COVID-19 vaccine was mandated for all workers by Defendant, she applied for a religious exception, anticipating that it would be granted, and she would be accommodated in her job. Legacy denied her accommodation and terminated her on October 19, 2021. Plaintiff Schumacher is a single mother who was pregnant with twins. As a result of Defendant's unlawful actions, she lost her income and benefits for herself and her children. The tension of not knowing if her exception request would be granted and her subsequent termination caused Plaintiff Schumacher extreme stress and anxiety, and she was traumatized not knowing how she would care for her family. Plaintiff Schumacher had to move in with her family and has depleted her savings.

Prior to her termination, Plaintiff Schumacher was earning $18.90 hourly, for an annual salary of $21,772.80. Plaintiff Schumacher has not been able to obtain other employment.

11.

Until the COVID-19 pandemic unfolded, none of the Plaintiffs' sincerely held religious beliefs had caused conflict with their work requirements.

12.

The Defendant has not explained why it denied each of the Plaintiffs' requested religious exceptions to the vaccine mandate.

13.

The Defendant also has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating them being placed on unpaid administrative leave, followed by termination.

14.

Upon information and belief, the Defendant's adverse employment actions against Plaintiffs were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory and retaliatory. Each of the Plaintiff should have been granted a religious exception and each should have been given reasonable accommodations to continue working for the Defendant.

15.

Each of the Plaintiffs have suffered significant economic loss and emotional distress.

**FIRST CLAIM FOR RELIEF—All Plaintiffs**

**(Unlawful Employment Discrimination Based on Religion**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

16.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious beliefs in the tenants of Christianity.

17.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

18.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant

failed to make a good faith effort to recognize or accommodate Plaintiffs' religious beliefs.

19.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was the proximate cause of Plaintiffs' individual terminations.

20.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

## SECOND CLAIM FOR RELIEF—All Plaintiffs

## (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –

## 42 U.S.C. §2000e et seq.)

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

21.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious beliefs in the tenants of Christianity.

22.

Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiffs' religious beliefs.

24.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

25.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, but that exceeds $75,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment be award against Defendant and seek the following relief:

1. A judgment in favor of each Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $75,000.00.
2. Plaintiffs seek a trial by jury on all claims to which Plaintiffs are entitled to a jury trial.
3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 13th day of April, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff