UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| AMBER JEWELL, *an individual*, ROBYN ROBINSON, *an individual,* HOLLI SAWALLICH, *an individual*, BRANDY DIPIETRO, *an individual*, CRYSTAL HEMPEL, *an individual*, COURTNEY SCHMACHER, *an individual*, | Case No. 3:23-cv-00549-AR **FINDINGS AND RECOMMENDATION** |

Plaintiffs,

v.

LEGACY HEALTH, *a corporation*,

Defendant.

_____

**ARMISTEAD, United States Magistrate Judge**

Amber Jewell, Robyn Robinson, Holli Sawallich, Brandy DiPietro, Crystal Hempel, and

Courtney Schumacher[1] bring this action against their former employer, Legacy Health. They

allege that Legacy unlawfully discriminated against them when it denied their requests for

religious exemptions to Legacy's mandatory COVID-19 vaccine policy, in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Oregon's statutory parallel, ORS § 659A.030. (Am. Compl. (Compl.), ECF No. 26.)

Now before the court is Legacy's motion to dismiss the state-law claims of Jewell, Hempel, and Schumacher (plaintiffs).[1] (Def.'s Mot. at 6-7, ECF No. 33; Def.'s Reply at 3 n.1, ECF No. 45 (withdrawing other arguments).) Legacy argues that those claims are untimely under ORS § 659A.875(2), which requires a plaintiff to file her civil action within 90 days of receiving a right-to-sue notice from the Oregon Bureau of Labor and Industries (BOLI). Plaintiffs concede that they filed complaints with BOLI, that that they received right-to-sue notices, and that they filed this action more than 90 days after those notices were mailed. But, in their view, their claims are timely because ORS § 659A.875 permits them to bring their action in court *either* within 90 days of their right-to-sue letter being mailed *or* within five years of the alleged unlawful employment action, whichever is longer. (Pls.' Resp. at 5-12, ECF No. 41.) Alternatively, they contend that they can "piggyback" onto the timely claims of the other named plaintiffs in this action. The court agrees with Legacy that plaintiffs' claims are untimely, because they failed to commence this action within 90 days after their right-to-sue letters were mailed, and the piggybacking rule does not apply.

Legacy also seeks attorney fees, contending that the continued pursuit by plaintiffs' attorneys of time-barred state-law claims amounts to bad faith. (Def.'s Mot. at 9-10.) Although the court agrees that plaintiffs' timeliness arguments are unconvincing, it cannot agree that those

---

[1]     Throughout this opinion, the court uses the term "plaintiffs" to refer only to Jewell, Hempel, and Schumacher, because only their claims are the subject of Legacy's motion.

arguments are frivolous or that the actions of plaintiffs' attorneys are tantamount to bad faith.

Legacy's motion for attorney fees is therefore denied.[2]

## BACKGROUND

The court construes as true the factual allegations of plaintiffs' operative complaint.

*Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). Plaintiffs worked for

Legacy in the summer of 2021, when Legacy implemented a requirement that its employees get

vaccinated against COVID-19. The vaccine policy allowed employees to seek religious or

medical exemptions. Jewell, Hempel, and Schumacher have deeply held Christian beliefs, and

separately submitted requests for religious exceptions to the vaccine mandate. Legacy denied

their requests and, in October 2021, fired them for failure to comply with the vaccine

requirement. (Compl. ¶¶ 5, 9-10.)

Plaintiffs submitted complaints to BOLI in March 2022, alleging that Legacy fired them

for refusing to get the COVID-19 vaccine, despite that receiving the vaccine conflicted with their

sincerely held religious beliefs.[3] (ECF No. 34-1 at 4-5, 35-36, 44-45.) In December 2022, BOLI

informed Jewell, Hempel, and Schumacher that it was dismissing their complaints and advised

---

[2]     Plaintiffs request oral argument. The court, however, does not believe that oral argument would help resolve the pending motion. See LR 7-1(d)(1).

[3]     The court takes judicial notice of Jewell, Hempel, and Schumacher's BOLI complaints and subsequent 90-day notices. Those documents are appropriate for judicial notice under Federal Rule of Evidence 201(b)(2) because they are "undisputed matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *see also Chris v. Carpenter*, No. 3:21-cv-009240-SB, 2023 WL 2542010, at *3 (D. Or. Jan. 11, 2023) (taking judicial notice of plaintiff's BOLI complaint and right-to-sue letter), *adopted by* 2023 WL 2537840 (Mar. 16).

them of their rights to file a civil action in court. BOLI's right-to-sue letter, or 90-day notice, to

each explained:

> This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice.

(*Id.* at 11, 40, 49.) The "Date of Mailing" was December 12, 2022, for Jewell's 90-day notice,

December 27, 2022, for Hempel's, and December 30, 2022, for Schumacher's. (*Id.*) Plaintiffs

filed their initial complaint with this court on April 13, 2023, more than 90 days after the mailing

dates of each of those mailing dates. (ECF No. 1.)

## LEGAL STANDARD

A court will grant a Rule 12(b)(6) motion to dismiss for failure to state a claim when a

claim is unsupported by a cognizable legal theory or when the complaint is without sufficient

factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless

Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Assessing the sufficiency of a complaint's

factual allegations requires the court to (1) accept that plaintiff's well-pleaded material facts

alleged in the complaint are true; (2) construe factual allegations in the light most favorable to

plaintiff; and (3) draw all reasonable inferences from the factual allegations in favor of plaintiff.

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Newcal Indus. v. Ikon Off.

Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008).

\ \ \ \ \

\ \ \ \ \

Page 4 – FINDINGS AND RECOMMENDATION
*Jewell v. Legacy Health*, 3:23-cv-00549-AR

## DISCUSSION

### A.    *Timeliness under ORS § 659A.875*

Legacy moves to dismiss plaintiffs' state-law claims as untimely under ORS § 659A.875. As this court and others have concluded, that statute unambiguously requires that, if a complaint is timely filed with BOLI, then any civil action relating to the same claims *must* be filed within 90 days after BOLI mails its right-to-sue notice. ORS § 659A.875(2) ("A person who has filed [a BOLI complaint] *must* commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant[.]" (emphasis added)); *Perez v. Legacy Health*, No. 3:24-cv-0138-AR, 2025 WL 643181, at *2-3 (collecting cases), *adopted by* 2025 WL 642234 (Feb. 27).

For the same reasons the court has previously concluded, plaintiffs' reliance on *Daniel v. Or. Health & Sci. Univ.*, 262 F. Supp. 3d 1079, 1087 (D. Or. 2017), and the 2019 amendment's textual changes to ORS § 659A.875 does not change the court's conclusion that the statute unambiguously imposes a 90-day time limit. *See Perez*, 2025 WL 643181, at *3-4 (addressing substantially similar arguments). Nor does the legislative history plaintiffs provide support their argument. The legislative history reflects the intent of extending the time for a plaintiff to "come forward"—by either submitting a complaint with BOLI *or* filing a complaint in court—after an unlawful employment practice has occurred. (*See* Pls.' Resp. at 9, 11.) The concerns raised in the legislative history are not present where a plaintiff has already come forward by filing a BOLI complaint.

Because plaintiffs commenced this action more than 90 days after their right-to-sue letters were mailed in December 2022, their state-law claims are untimely under ORS § 659A.875.

**B.    *"Piggybacking" or Single-Filing Rule***

Plaintiffs alternatively argue that, even if their state-law claims are untimely under ORS § 659A.875, they should be allowed, under the single-filing rule, to piggyback on the timely state-law claims of Robinson, Sawallich, and DiPietro—the other named plaintiffs in this action. (Pls.' Resp. at 13.)

The Ninth Circuit has recognized that the single-filing rule allows an employee to "'piggyback[]' onto the timely [administrative] charge filed by another plaintiff for purposes of exhausting administrative remedies." *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016). It is "a judicially crafted equitable tolling rule based on the observation that it would be duplicative and wasteful for complainants with similar grievances to have to file identical notices of intent to sue with a governmental agency." *Id.*

The justification for the single-filing rule is not present where, as here, individual plaintiffs have already filed administrative claims, received right-to-sue letters, and then allowed the deadlines for filing suit to lapse. As another court in this circuit has explained, a plaintiff's failure to timely commence her civil action implicates "[d]ifferent policy considerations" from a plaintiff's failure to administratively exhaust her Title VII claim. *EEOC v. NCL Am. Inc.*, 504 F. Supp. 2d 1008, 1013 (D. Haw. 2007). Title VII's administrative exhaustion requirement is about "put[ting] the employer on notice" and providing an opportunity for "negotiation and conciliation." *EEOC v. Global Horizons, Inc.*, 860 F. Supp. 1172, 1192 (D. Haw. 2012); *see also*

*Fort Bend County v. Davis*, 587 U.S. 541, 552 (2019) (noting that Title VII's administrative exhaustion requirement "promotes important congressional objectives," such as "encouraging conciliation and affording the EEOC [the] first option to bring suit").

As plaintiffs observe, ORS § 659A.875 does not impose an administrative exhaustion requirement. (Pls.' Resp. at 4); *see also* ORS § 659A.870 ("The filing of a complaint under ORS 659A.820 is not a condition precedent to the filing of any civil action."). Rather, ORS § 659A.875 is a statute of limitations—it limits the time in which a plaintiff may bring a civil action. And statutes of limitations serve the distinct policies of "repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and defendant's potential liabilities." *In re Neff*, 824 F.3d 1181, 1185 (9th Cir. 2016) (quoting *Young v. United States*, 535 U.S. 43, 47 (2002)). Those policies would not be served by permitting a plaintiff who has allowed the statutory deadline for filing a lawsuit to lapse to piggyback onto the timely claims of other plaintiffs. *NCL Am.*, 504 F. Supp. 2d at 1013 (so stating; observing that allowing such a deadline to lapse "demonstrate[s] dilatoriness or lack of diligence (or waiver)").

This court joins others in this district that have concluded that the single-filing rule does not apply when a plaintiff files an administrative charge, receives a right-to-sue letter, and then fails to timely commence a civil action. *E.g.*, *Bowerman*, 2024 WL 3276131, at *9-10; *Burton v. Legacy Health*, No. 3:23-cv-1528-JR, 2024 WL 4186068, at *4 (D. Or. July 18, 2024), *adopted in relevant part*, 2024 WL 3887224, at *1-2 (Aug. 21); *Lancaster v. Or. Health & Sci. Univ.*, No. 3:24-cv-00916-SB, ECF No. 20 at 27-30 (D. Or. Jan. 1, 2025) (Findings & Recommendation). Accordingly, plaintiffs' untimely state-law claims should be dismissed with prejudice.

C.    *Attorney Fees*[4]

Legacy requests attorney fees under the court's inherent powers. Courts have inherent power to award attorney fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991), or otherwise "abuse[d] the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). The Supreme Court has cautioned, however, that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. And the Ninth Circuit has elaborated that sanctions under a court's inherent powers must be based on a "specific finding of bad faith" or "conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 992, 994 (9th Cir. 2001); *accord Evon v. Law Offs. of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (holding that sanctions under court's inherent power are available when a party has acted in bad faith or willfully violated a court order); *Sidibe v. Sutter Health*, No. 22-15634, 2024 WL 2826520, at *1 (9th Cir. June 4, 2024) (noting that "bad faith is required for inherent power sanctions"). That standard is met, for example, by "an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate the proceedings in one case in order to gain tactical advantage in another case." *Fink*, 239 F.3d at 994.

---

[4]    Although the court addresses both Legacy's motion to dismiss and its request for attorney fees in this Findings and Recommendation, the court understands Legacy's request for attorney fees to be nondispositive and thus subject to "clearly erroneous or contrary to law" review under 28 U.S.C. § 636(b)(1)(A). *See Montgomery v. Etreppid Techs., LLC*, 2010 WL 1416771, at *12 (D. Nev. Apr. 5, 2010) (so holding, noting that the Ninth Circuit has (1) held that sanctions under Federal Rules of Civil Procedure 11 and 37 are nondispositive and thus fall under § 636(b)(1)(A), and (2) indicated that sanctions under those rules and under the court's inherent powers should be treated similarly).

In Legacy's view, plaintiffs' attorneys act in bad faith by bringing time-barred claims and pursuing legal arguments regarding timeliness that have been uniformly rejected by courts in this district. The court disagrees that plaintiffs' attorneys' conduct is tantamount to bad faith (and lacks a sufficient basis to support a finding of subjective bad faith). As to ORS § 659A.875, the interpretation they advocate was adopted by a court in this district only eight years ago. This court does not consider it frivolous to argue for a statutory interpretation that, until recently, reflected the position of a court in this district. Nor can the court conclude that plaintiffs' attorneys' argument under the single-filing rule is frivolous. Notably, neither issue has been addressed by the Ninth Circuit or the Oregon Supreme Court.

Legacy identifies two other cases where attorney fees have been imposed on plaintiffs' attorneys. In the first, a court in this district sanctioned plaintiffs' attorneys for filing an amended complaint that "fail[ed] to comport with the Court's previous ruling, violate[d] the rules regarding amendments, and contradict[ed] the parties' agreement." *Matthews v. Legacy Health*, No. 6:24-cv-00592-MC, ECF No. 35 at 1 (D. Or. Dec. 26, 2024). In the second, plaintiffs' attorneys were ordered to pay attorney fees after the court found "sufficient evidence of bad faith, wanton actions, and forum shopping," where plaintiffs' attorneys voluntarily dismissed a state court action after the defendant moved to dismiss, then added the plaintiffs from the state court action to a federal court action, requiring defense counsel to perform duplicative work in moving to dismiss the same claims on the same basis in federal court. *Bowerman v. St. Charles Health Sys.*, No. 6:23-cv-01488-MC, 2024 WL 3276131, at *10 (D. Or. July 1, 2024). The court there granted the defendant's motion for costs, including attorney fees, related to the state court action. *Id.* at *10-11.

Here, in contrast, Legacy does not contend that plaintiffs' attorneys have violated a court order, a local or federal rule of civil procedure, or any agreement between the parties. Nor does Legacy assert that plaintiffs' attorneys have switched forums or otherwise created duplicative work for Legacy. Instead, plaintiffs' attorneys simply make two legal arguments relating to timeliness that have, so far, been rejected by each court in this district to consider them. That is not enough for this court to conclude that they bring plaintiffs' state-law claims for any "improper purpose," *Fink*, 239 F.3d at 993, rather than in an effort to represent their clients' interests based on their nonfrivolous view that those claims should be considered timely.

Legacy alternatively asks that the court impose some other suitable sanction to address plaintiffs' attorneys' "ongoing misconduct of alleging time-barred claims to deter future, similar behavior." (Def.'s Mot. at 10.) But, again, the court lacks any basis to conclude that plaintiffs' attorneys have acted in bad faith in this action and therefore declines to impose any sanction.

## CONCLUSION

For the above reasons, Legacy's motion to dismiss the state-law claims of Jewell, Hempel, and Schumacher should be GRANTED, and those claims should be dismissed with prejudice. Legacy's request for attorney fees is DENIED.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within fourteen days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: May 1, 2025

/s/ Jeff Armistead
JEFF ARMISTEAD
United States Magistrate Judge