IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMBER JEWELL, an individual, ROBYN
ROBINSON, an individual, HOLLI
SAWALLICH, an individual, BRANDY
DiPIETRO, an individual, CRYSTAL
HEMPEL, an individual, and COURTNEY
SCHMACHER, an individual,

      Plaintiffs,

  v.

LEGACY HEALTH, a corporation,

      Defendant.

No. 3:23-cv-00549-AR

OPINION AND ORDER

**BAGGIO, District Judge:**

## I. INTRODUCTION

On May 1, 2025, Magistrate Judge Jeff Armistead issued his Findings and Recommendation ("F&R", ECF 47), recommending that Defendant Legacy Health's Partial Motion to Dismiss Plaintiffs' Amended Complaint (ECF 33) be granted and that Amber Jewell's,

1 – OPINION AND ORDER

Crystal Hempel's, and Courtney Schmacher's[1] state-law claims[2] be dismissed with prejudice because they are untimely.[3] Neither party filed objections. After careful consideration, the Court adopts Judge Armistead's F&R without modification.

## II. DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. 28 U.S.C. §§ 636(b)(1)(B), (C). If a party objects, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* § 636(b)(1)(C). The court is not, however, required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). While the level of scrutiny that the court applies to its F&R review depends on whether a party has filed objections, the court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas*, 474 U.S. at 154.

///

///

///

///

---

[1] Ms. Schmacher's last name is spelled "Schmacher" in the case caption and in the caption of the First Amended Complaint but spelled "Schumacher" in the body of the First Amended Complaint. Here, the Court uses the spelling in the captions of the case and the First Amended Complaint.

[2] Defendant withdrew its motion to dismiss with respect to Plaintiff Schmacher's Title VII claim and Plaintiffs Robyn Robinson's and Holli Sawallich's state-law claims. *See* Defendant's Reply at 3, n.1 (ECF 45).

[3] Judge Armistead denied Defendant's attorney's fees request, and the Court does not revisit that denial.

## III. CONCLUSION

Upon review of the record, the Court agrees with Judge Armistead's recommendation, and ADOPTS the F&R (ECF 47) without modification. Defendant's Partial Motion to Dismiss Plaintiffs' Amended Complaint (ECF 33) is GRANTED, and the ORS 659A.030 claims asserted by Jewell, Hempel, and Schmacher are dismissed with prejudice.

Defendant is directed to file a pleading responsive to Plaintiffs' remaining claims within fourteen days of the date that this Opinion and Order is filed. *See* Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED.

DATED this 27th day of May 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

3 – OPINION AND ORDER